UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cr-40-MOC-SCR-1

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
|  | ) |  |
| LAVARIUS RODRIGUEZ HALL, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on Defendant's *pro se* Letter that has been construed as a 28 U.S.C. § 2255 Motion to Vacate[1] [Doc. 304].

I.     BACKGROUND

Defendant pleaded guilty to aiding and abetting armed bank robbery and possession of a firearm during and in relation to a crime of violence. [Doc. 60 (Plea Agreement)]. He was sentenced to 134 months' imprisonment followed by five years of supervised release in a Judgment entered on April 28, 2010. [Doc. 125]. He did not appeal.

Defendant completed his sentence of imprisonment and began serving the term of supervised release in 2018. [Doc. 188]. On October 23, 2019, his supervision was revoked due to

---

[1] Although the Letter is not on a § 2255 form, the Defendant cites 28 U.S.C. § 2255 and he seeks the termination of his probation and his immediate release. Even if Castro warnings were required, the need for the same would be obviated in this case because the Motion to Vacate is being dismissed without prejudice as premature for the reasons discussed *infra*. See Castro v. United States, 540 U.S. 375, 383 (2003) ("the district court must notify the pro se litigant that it intends to recharacterize the pleading [as a § 2255 motion], warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has"); United States v. Gardner, 132 F. App'x 467 (4th Cir. 2005) (noting that no successiveness authorization is required to file a second § 2255 action where the first § 2255 petition is dismissed as premature). The Defendant is cautioned that, if he seeks to pursue § 2255 relief in the future, he must submit his petition on the required form, verify it (sign it under penalty of perjury), and comply with all timeliness and procedural requirements.

1

illicit drug use and he was sentenced to time served and 36 months of supervised release. [Doc. 202]. On April 30, 2021, his supervision was again revoked due to illicit drug use and failure to comply with drug testing and he was sentenced to five months' imprisonment for each count, concurrent, followed by one year of supervised release. [Doc. 232]. On June 28, 2023, his supervision was revoked for a third time due to failure to report, failure to notify the probation office of an address change, failure to comply with drug testing/treatment requirements, and failure to comply with mental health treatment requirements, and he was sentenced to five months' imprisonment followed by one year of supervised release. [Doc. 284]. On November 9, 2023, the Probation Office filed another Petition, alleging that the Defendant had again violated the conditions of supervision by using drugs and failing to report. [Doc. 294]. Defendant is presently being detained pending a revocation hearing. [Doc. 301 (Order of Detention)]. On January 25, 2024, counsel filed a Motion to Modify Conditions of Release on Defendant's behalf, noting that his teenaged son had recently died. [Doc. 302, 303]. Magistrate Judge Susan C. Rodriguez denied the Motion on January 26, 2024, and noted that "Defendant may opt to appeal the Court's prior Order of Detention within the prescribed timeframe." [Jan. 26, 2024 Text-Only Order]. Defendant did not file an appeal.

Defendant filed the present *pro se* Letter on March 14, 2024.[2] [Doc. 304]. He seeks the termination of his probation and his immediate release, arguing *inter alia* that: he has served more than the five-year term of supervised release that was originally imposed; he had no prison disciplinary infractions; he has not committed any Grade A or B violations; his violations for drug use are due to his mental, behavioral, and emotional disorders; his son recently died; and he is

---

[2] The docketing date is used here because the Defendant did not certify the date upon which he placed his filing in the prison mail system. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

2

Case 3:09-cr-00040-MOC-SCR    Document 306    Filed 04/17/24    Page 2 of 4

dissatisfied with counsel.

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings ..." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the Petitioner's motion can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Section 2255 clearly states that the motion is available for a "prisoner" who is "in custody" and "under sentence." 28 U.S.C. § 2255(a); see, e.g., Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (discussing the finality of a judgment for purposes of § 2255); Clay v. United States, 537 U.S. 522, 532 (2003) (same). "Thus, where a federal prisoner has not yet been sentenced, a district court lacks jurisdiction over a motion brought under § 2255." Austin v. United States, No. 3:05-CR-213, 2008 WL 922344, at *1 (W.D.N.C. Mar. 31, 2008) (citing Stantini v. United States, 140 F.3d 424, 427 (2d Cir. 1998)). Defendant's revocation proceeding is still pending and, accordingly, there is no judgment that the Defendant may challenge pursuant to § 2255 at this time. See, e.g., United States v. Hunter, 458 F. App'x 732 (10th Cir. 2012) (§ 2255 motion challenging revocation of

supervised release is premature while direct appeal is pending). Accordingly, the instant § 2255 Motion to Vacate is dismissed without prejudice as premature.[3]

## IV. CONCLUSION

The instant § 2255 Motion to Vacate is dismissed without prejudice as premature.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's § 2255 Motion to Vacate [Doc. 304] is **DISMISSED WITHOUT PREJUDICE** as premature.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk is respectfully instructed to mail the Defendant a blank § 2241 form and a copy of this Order.

Signed: April 16, 2024

Max O. Cogburn Jr.
United States District Judge

---

[3] The Clerk will be instructed to mail the Defendant a blank § 2241 habeas form in an abundance of caution. See generally 28 U.S.C. § 2241. The Court makes no determinations about the potential merit or procedural viability of such an action.